(93 South. 97)

No. 23479.

**DAUPHINE INV. CO., Limited, v. GREENWALL.**

(May 22, 1922. Rehearing Denied by Division A June 29, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Landlord and tenant ⬡⟹200(1)—Lessee liable for stipulated rent though by mistake notes not executed for rent for last year.**

Under a lease for 10 years for $12,000 a year, payable in 40 installments of $3,000, to be evidenced by 40 promissory notes, the lessee was bound to pay the installments for the last 12 months of the lease, though by mistake no notes were executed for such installments.

**2. Landlord and tenant ⬡⟹231(8) — Evidence held insufficient to show nonpayment of installments of rent.**

In an action against a lessee's heir for unpaid installments of rent under a lease, evidence *held* insufficient to support a recovery as to installments claimed to have been unpaid at the lessee's death.

**3. Landlord and tenant ⬡⟹231(1)—Lessor suing lessee's heir held bound to show what rent maturing prior to lessee's death was unpaid.**

In an action against a lessee's heir who had adopted the succession for unpaid installments of rent, the burden was on plaintiff to establish, with a reasonable degree of certainty, what particular rent notes and for what year and what portion of the rent due prior to the lessee's death had not been paid by him.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by the Dauphine Investment Company, Limited, against Mrs. Henry Greenwall. From a judgment for plaintiff, defendant appeals. Amended and affirmed.

McCaleb & McCaleb and Arthur B. Leopold, all of New Orleans, for appellant.

P. M. Milner, of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. On April 20, 1906, the plaintiff leased to Henry Greenwall for a term of 10 years, beginning September 1, 1906, and ending August 31, 1916, a theater building to be erected in this city and to be known as the "Baldwin Theater." The price of the lease was $12,000 per year, to be paid in 40 installments of $3,000 each, for which the lessee executed in favor of the lessor his 40 promissory notes bearing the date of the lease. The first note was payable 60 days after the completion of the theater building, the next 3 notes payable in two, four, and six months thereafter, and the fifth note payable on November 1, 1907. The other 35 notes were payable on the 1st day of January, March, May, and November of the years 1908, 1909, 1910, 1911, 1912, 1913, 1914, 1915, and 1916, the last note maturing May 1, 1916. Due to an error of the notary who passed the lease, 8 notes were made payable in 1919 instead of 4 and hence there were no notes issued for the last four installments under the terms of the lease. The lessee died on November 27, 1913, and his widow, Mrs. Georgiana Adelaide Greenwall, the defendant in this suit, being the sole heir at law, accepted the succession of her husband unconditionally and was by judgment of the court sent into possession of the estate, including the rights and the obligations of the lease contract under consideration. This suit is brought on the contract of lease against the widow of the lessee for $21,000, with interest and attorney fees, claimed as an unpaid balance due on the price of the lease. The petition alleges that the lessee has never paid the rent in accordance with the terms of the lease, but that the payments were irregular, and that the lessee was granted indulgences, allowances, and deductions as a matter of grace and out of consideration for him, that the last payment made by Mrs. Greenwall was on May 8, 1915, and that nothing has been paid on the installments due November 1, 1915, and July 1, March 1, and May 1, 1916, amount-

ing to $12,000. It is alleged that an audit of the books of the plaintiff shows that the lessee, Greenwall, and Mrs. Greenwall paid on the lease $77,500, and that credits, deductions, and allowances had been made at different times amounting to $21,500, leaving a balance due of $21,000, which balance is made up of the $12,000 due for the last 12 months and $9,000 due on the rent for former months.

It is alleged that by mistake of the notary the notes were not made out in conformity with the lease, and that through error 8 notes were made payable in 1909 instead of 4, and that there were no notes made payable for the last 12 months of the lease.

It is alleged that the said rent notes are merely the evidence of the indebtedness, and that the indebtedness of Henry Greenwall lessee and the defendant lessee is, under the written contract of lease, irrespective of the notes, and in some way, due to the error aforesaid, the defendant has obtained possession of notes which have not been paid.

The answer denies any indebtedness to the plaintiff, but admits the execution of the lease and the 40 notes therein described by the deceased husband of defendant, and that defendant assumed the obligations of her husband under the lease. It is alleged that 36 of the notes are in defendant's possession and that the other 4 notes, Nos. 1, 4, 7, and 8, for like amount, cannot be found and have been misplaced. In an amended answer it is alleged that on May 8, 1915, payment was made by defendant of $5,000 represented by notes Nos. 39 and 40 for $3,000 each, and which amounts were reduced to $2,500 each. The defendant pleaded the prescription of 3, 5, and 10 years against plaintiff's demand. There was judgment for the plaintiff for the full amount claimed, and the defendant appeals.

### Opinion.

[1] The evidence, in our opinion, clearly establishes the liability of the defendant for the last 12 months of the lease, ending August 31, 1916. Even if it be true, as alleged, that no notes were issued for the last four installments, the lessee was nevertheless bound for the amount under the stipulations of the contract, and the defendant assumed that obligation. There is no allegation or proof that this amount has been paid or otherwise satisfied. If any of the notes which the defendant has in her possession represented the last four installments of the rent and had been paid, it seems that defendant could and should have established that fact. The bookkeeper of the plaintiff company, who collected rent under the lease from the defendant after the death of her husband, which occurred the latter part of 1913, testified that the last payment made by defendant was on May 8, 1915, and that defendant made no payments thereafter. This fact is admitted in the answer of defendant. It is not pretended that the payment made on May 8, 1915, included any part of the rent for the last 12 months.

[2, 3] The record presents an entirely different situation with regard to the additional claim of $9,000. As stated, there were 40 rent notes issued for $3,000 each. It is conceded, at least it is inferentially alleged in the petition and admitted as a fact in the answer, that the defendant has 36 of the notes in her possession. If we assume that 4 of these 36 notes are duplicates of the notes of 1909 and were intended to represent the last four installments of the rent, there yet would remain 4 notes representing a year's rent which are not accounted for, and no attempt whatever has been made by the plaintiff to account for them. The sole and only basis made for the additional claim of $9,000 is that the lease contract calls for $120,000, and that an audit of the plaintiff's books shows that only $99,000 has been credited on the rent. There is no evidence whatever to sustain the report of the accountant, and indeed no such report was offered in

evidence or attempted to be introduced. The only witness sworn in the case was Mr. De Buys, placed on the stand by the plaintiff. He testified that he became bookkeeper for plaintiff in 1912, and that after the death of Mr. Greenwall he collected the rent from Mrs. Greenwall up to and including the last payment made by her May 8, 1915. It is clear that, if there were three installments aggregating $9,000 unpaid, they were notes which matured prior to the death of Greenwall. The burden was on the plaintiff to establish with a reasonable degree of certainty what particular notes and for what year and what portion of the lease price due prior to the death of Greenwall had not been paid by him. The knowledge of these facts was peculiarly with the plaintiff company and its officers. The defendant accepted the succession and took possession of its effects in the condition in which she found them at the death of her husband. She could not be chargeable with any knowledge that any rent notes maturing prior to the death of her husband had not been paid, especially in view of the admitted fact testified to by plaintiff's bookkeeper that defendant paid all rent after the death of her husband up to and including May 8, 1915, and in view of the further fact that no demand was made on defendant for any rent due prior to the death of her husband until just before this suit was filed, which was over three years after the death of the original lessee. It might well be asked of plaintiff, what portion of the rent due prior to November, 1913, has not been paid? What installments of rent does the demand for $9,000 represent? Is the demand for rent that was due and should have been paid in 1908 or 1912, or is it for rent for the intervening years between the two named? The record furnishes no answer whatever. The petition alleges that the $9,000 was "balance due for four months," and the prayer is for judgment for $12,000 rent due from September, 1915, to August 31, 1916, and for $9,000 "being balance rent due prior thereto." The plaintiff ought to have made its demand certain. Courts cannot render judgment on mere conjecture.

It is therefore ordered and decreed that the judgment appealed from be amended by reducing the same to the sum of $12,000, with interest and attorney's fees thereon as stated in the judgment, and as thus amended said judgment be affirmed, the plaintiff to pay the costs of appeal, and the defendant all other costs.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.